**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **LAWRENCE H. BENDZEN and** ] | |
| **LINDA A. BENDZEN,** ] | |
|  ] | |
| **Plaintiffs.** ] | |
|  ] | |
| vs. ] | **Cause No.: 3:19-cv-17** |
|  ] | |
| **OFFICER J.R. THOMAS, OFFICER W.R.** ] | |
| **ARBAUGH, A.A. AFIFI, D.E. DEEG, J.A.** ] | **COMPLAINT FOR** |
| **JACKSON, A.A. McCORMICK, N.A.** ] | **DEPRIVATION OF** |
| **MEEKS, D.P. MURRAY, C.W. NUTT, C.P.** ] | **CIVIL RIGHTS** |
| **OFFERMAN, DETECTIVE NATHAN** ] | |
| **HASSLER, DETECTIVE BRIAN WATSON,** ] | |
| **THE CITY OF EVANSVILLE,** ] | |
|  ] | |
| **Defendants.** ] | |

**COMPLAINT FOR DEPRIVATION**
**OF CIVIL RIGHTS BY STATE LAW ENFORCEMENT**
**OFFICERS AND RELATED STATE LAW CLAIMS**

**COMES NOW** the Plaintiffs, LAWRENCE H. BENDZEN an LINDA A. BENDZEN, (hereinafter "PLAINTIFFS"), by counsel, John Andrew Goodridge, Esq., and in this Complaint for Deprivation of Civil Rights by State Law Enforcement Officers and Related State Law Claims alleges and states to the honorable Court as follows:

**OVERVIEW OF CASE AND CONTROVERSY**

PLAINTIFFS bring this action against the Officers of the Evansville Police Department, individually and in their official capacities as well as the CITY OF EVANSVILLE for damages arising out of the unwarranted and unreasonable search of their home and belongings, effectuated without a warrant, and conducted without legal cause or justification on or about the 18th day of May, 2017.

1

## JURISDICTION

1. PLAINTIFFS bring this action against the Defendants to redress the deprivation of the well-established rights secured to the PLAINTIFFS by the Fourth Amendment and Fourteenth Amendment to the Constitution of the United States of America, 42 U.S.C. §1983, and the common law.

The Fourth Amendment of the United States Constitution states, in pertinent part:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue except on probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. Const., Amend. IV.

2. PLAINTIFFS are citizens of the State of Indiana or a political subdivision thereof; and, the Plaintiffs are residents of Vanderburgh County, State of Indiana. The matter in controversy does not exceed the sum of $75,000.00, exclusive of interest and costs.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1343(a)(3), and 42 U.S.C. §1983.

4. Venue is proper in the district pursuant to 28 U.S.C. §1391.

## PARTIES

5. PLAINTIFFS are citizens of the State of Indiana; and, are residents of Vanderburgh County, Indiana.

6. Defendant, CITY OF EVANSVILLE, operates and governs the Evansville Police Department pursuant to the laws of the State of Indiana.

7. Defendants, OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON (hereinafter "LAW ENFORCEMENT OFFICERS"), are sued both individually and in their official capacities.

At all times pertinent hereto, OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON were employed as police officers by the Defendant, CITY OF EVANSVILLE, through the Evansville Police Department.

Upon information and belief, OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON are citizens of the State of Indiana; and, are residents of Vanderburgh County, Indiana.

## FACTS

8. On May 18, 2017, PLAINTIFFS were the owners the real property located at or about 220 E. Delaware Street in the City of Evansville, County of Vanderburgh, State of Indiana (hereinafter "Delaware Street Property").

9. As part of their subsistence, PLAINTIFFS rented several apartments within the Delaware Street Property to members of the general public.

10. PLAINTIFFS also made their home in the private portions of the Delaware Street Property.

11. PLAINTIFFS rented Apartment D within the Delaware Street Property to a person named Brian Scott Fleming in May of 2017.

12. On May 18, 2017, at approximately 22:30 hours, the Defendant, OFFICERS of the Evansville Police Department, through the Special Weapons And Tactics Unit (hereinafter "SWAT Unit"), which are meant to include, but not be limited to, OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON, attempted to apprehend and arrest Brian Scott Fleming by firing Oleoresin Capsicum ( i.e. "OC Gas") cannisters into Apartment D and other surrounding apartments and private areas within the Delaware Street Property.

13. After the Defendant, OFFICERS of the Evansville Police Department, apprehended and arrested Brian Scott Fleming, the OFFICERS obtained a search warrant for Brian Scott Flemings apartment.

14. During the above-described arrest of Brian Scott Fleming and search of the Delaware Street Property, OFFICERS of the Evansville Police Department searched, destroyed, and damaged the residences located within the Delaware Street Property, including apartments not occupied by Brian Scott Fleming as well as the private portions of the Delaware Street Property.

15. All of these actions conducted by OFFICERS of the Evansville Police Department were conducted in violation of the rights secured to the PLAINTIFFS by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## COUNT I

VIOLATION OF CONSTITUTIONAL RIGHTS

Officers J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, Detective NATHAN HASSLER, and Detective BRIAN WATSON

(Plaintiff's Claim for Compensatory Damages and Exemplary Damages)

16. PLAINTIFFS incorporate herein by reference the allegations contained in rhetorical paragraphs numbered 1 through 15 above.

17. There was in full force and effect in the United States of America the following provisions of the Constitution of the United States of America at the time of the complained of incident, to wit:

### Constitution of the United States

**Amendment IV:**.

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue except on probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. Const., Amend. IV.

and

**Amendment XIV:**

. . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . .

and

**42 U.S.C. §1983; Civil action for deprivation of rights:**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

18.     The conduct of the Defendants, OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON, was done under color of state law, custom, policy, practice, and/or usage.

19.     PLAINTIFFS had a federally-protected right, under the Fourth Amendment of the United States Constitution., not to be subjected to the unreasonable search of their home and personal property.

20.     The actions of OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON in searching PLAINTIFFS' home were done under color of state law, custom, policy, practice, and/or usage,

were not substantiated by either reasonable suspicion or probable cause, was executed without a lawful warrant authorizing the search, consent was not given, was done with actual malice and with willful and wanton indifference to and with deliberate disregard for the constitutional rights of PLAINTIFFS, and was violative of PLAINTIFFS' constitutional rights secured to the PLAINTIFFS by the Fourth and Fourteenth Amendments of the Constitution of the United States of America as well as 42 U.S.C. §1983.

21. As a proximate result of the acts of OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON and the deprivation of PLAINTIFFS' above-stated rights, the PLAINTIFFS have suffered injury and are entitled to recover compensatory damages.

## COUNT II

### VIOLATION OF CONSTITUTIONAL RIGHTS -- POLICY AND PRACTICE –

### CITY OF EVANSVILLE

(Plaintiff's Claim for Compensatory Damages and Exemplary Damages)

22. PLAINTIFFS incorporate herein by reference the allegations contained in rhetorical paragraphs numbered 1 through 19 above.

23. The deliberate indifference of OFFICERS J.R. THOMAS, W.R. ARBUAGH, A.A. AFIFI, D.E. DEEG, J.A. JACKSON, A.A. McCORMICK, N.A. MEEKS, D.P. MURRAY, C.W. NUTT, C.P. OFFERMAN, DETECTIVE NATHAN HASSLER, and DETECTIVE BRIAN WATSON, resulting from a commonly accepted

custom, policy and practice of the CITY OF EVANSVILLE, and at all times material to this complaint, Defendant, CITY OF EVANSVILLE, had in effect *de facto* customs, policies, practices, and usages which were applied to the unreasonable search of the PLAINTIFFS home in this case.

24. For the purposes of the search of PLAINTIFFS' home, it was the *de facto* custom, policy, procedure, and usage of the Defendants, CITY OF EVANSVILLE, to approve, acquiesce, utilize, condone, and ratify unreasonable searches in violation of the rights secured to the PLAINTIFFS by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

25. The custom, policy, procedure, and/or usage of approving, acquiescing in, condoning, and/or ratifying unreasonable searches in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America was a deliberate choice by the Defendant, CITY OF EVANSVILLE, by and through its agents and employees.

26. Pursuant to the custom, policy, procedure, and/or usage of the Defendant, CITY OF EVANSVILLE, approving, acquiescing in, and/or ratifying the use of unreasonable searches in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, no disciplinary action was taken any of the above-named Defendant law enforcement officers of the Evansville Police Department.

27. These customs, policies, procedures, and/or usages were maintained with deliberate, reckless, and callous indifference and disregard for the constitutional rights of PLAINTIFFS; and, these customs, policies, procedures, and/or usages were the proximate cause of the deprivation of PLAINTIFFS' Fourth and Fourteenth Amendment

rights under the Constitution of the United States of American and losses suffered by PLAINTIFFS as a direct and proximate result thereof.

28.     Defendant, CITY OF EVANSVILLE, is liable.

## PRAYER

**WHEREFORE**, PLAINTIFFS requests that this honorable Court enter judgment against the Defendants and award PLAINTIFFS not less than the sum of $50,000.00 in compensatory damages and $30,000.00 in exemplary damages resulting from the conduct complained of hereinabove as well as to award any and all other and additional relief this Court may deem just and proper in the circumstances.

Respectfully submitted,

*/s/ John Andrew Goodridge, Esq.*
John Andrew Goodridge, Esq.   IN Atty.: 19359-65
**ATTORNEY AT LAW**
915 Main Street, Suite 208
Evansville, Indiana 47708

Telephone:    812-426-0482
Facsimile:    812-426-2211

Email: jgoodridge@jaglo.com

## JURY DEMAND

PLAINTIFFS respectfully requests trial by jury.

                              Respectfully submitted,

                              */s/ John Andrew Goodridge, Esq.*
                              John Andrew Goodridge, Esq.   IN Atty.: 19359-65
                              **ATTORNEY AT LAW**
                              915 Main Street, Suite 208
                              Evansville, Indiana 47708

                              Telephone:   812-426-0482
                              Facsimile:   812-426-2211

                              Email: jgoodridge@jaglo.com